**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| THEODORE K. DAVIS JR., | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00563-XR |
| | § | |
| KIM MARLA DAVIS, | § | |
| *Defendant* | § | |

**ORDER ON CROSS-MOTIONS**
**FOR SUMMARY JUDGMENT**

On this date, the Court considered Defendant Kim Davis's Motion for Summary Judgment
(ECF No. 23) and Plaintiff Theodore Davis's Motion for Summary Judgment (ECF No. 25).  After
careful consideration, Kim's Motion is **GRANTED**, Theodore's Motion is **DENIED**, and this case
is **DISMISSED WITH PREJUDICE.**

**PRO SE CONSTRUCTION**

Because Plaintiff Theodore Davis is *pro se*, the Court will liberally construe his pleadings
and briefs.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97,
106 (1976)); *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2
(W.D. Tex. Feb. 14, 2017).  But *pro se* status does not offer an "impenetrable shield, for one acting
*pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and
abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359
(5th Cir. 1986).  "[P]ro se parties must still brief the issues and reasonably comply with [federal
procedural rules]."  *Johnson*, 2017 WL 598499, at *2 (quoting *Grant v. Cuellar*, 59 F.3d 524, 524
(5th Cir. 1995)).  Likewise, "*pro se* status does not exempt [a litigant] from the usual evidentiary
requirements of summary judgment."  *Id.* (citing *Ellis v. Principi*, 246 F. App'x 867, 869 (5th Cir.
Sept. 5, 2007) (per curiam)).

1

**BACKGROUND**

Defendant Kim Davis and Plaintiff Theodore Davis married each other in 2002. ECF No. 23 at 3; ECF No. 25 at 4. Kim filed for divorce in 2013, and the divorce was finalized in 2014. ECF No. 25-6 at 3.

Also in 2014, Kim was in a car accident in Texas. ECF No. 25 at 5. Theodore was the primary owner of the car Kim was driving when the accident occurred and was the primary insured on the car's insurance policy. *Id.* Kim allegedly used Theodore's email address to change the mailing address associated with the insurance, which had the effect of redirecting the insurer's correspondence to Kim instead of Theodore. ECF No. 25 at 5–6. In April 2015, the insurer mailed a $250 check as a reimbursement for the deductible for the accident. ECF No. 25 at 6; ECF No. 25-1 at 9. The check was payable to Theodore and Kim, ECF No. 25-1 at 9, but Kim allegedly deposited it into her own account without telling Theodore. ECF No. 25 at 6.

Theodore also alleges that Kim made misrepresentations in 2017 spousal-support-modification proceedings. He claims that Kim (1) exaggerated a cancer diagnosis, claiming it would require much more treatment than it actually would; (2) failed to disclose a bank account; and (3) fabricated an email and some medical bills. ECF No. 25 at 7, 9–11.

Theodore next claims that, in 2019, Kim used an altered divorce decree to transfer title of an Ohio vehicle to Texas. ECF No. 1 at 3. Kim allegedly attempted to use the original divorce decree to transfer the title, but the DMV refused because the decree was missing some signatures and had an incorrect VIN number. ECF No. 25 at 8. Shortly thereafter, Kim returned to the DMV with a version of the divorce decree that had the necessary signatures and the correct VIN number. *Id.* Theodore claims that Kim forged this document. But he does not dispute that the car rightfully

belongs to Kim; in fact, he complains that she did not formally transfer the title to her name sooner. ECF No. 25 at 7.

In 2021, Kim allegedly fired her attorney, Stephen Otte.  ECF No. 25 at 11.  Shortly thereafter—but still in 2021—she allegedly changed a date in a motion Otte had previously filed and mailed the altered motion to Theodore.  *Id.*

Theodore brought this case in May 2025.  ECF No. 1.  Although he does not clearly state what causes of action he asserts, his complaint and motion allude to fraud on the court; identity theft; fraud, including insurance fraud, mail fraud, constructive fraud, fraudulent inducement, and fraudulent concealment; breach of the duty of fair dealing; forgery; intentional infliction of emotional distress; unauthorized practice of medicine; and unauthorized practice of law.  ECF Nos. 1, 25.  Kim moved for summary judgment.  ECF No. 23.  Theodore filed a response and cross-motion for summary judgment.  ECF No. 25.

## DISCUSSION

### I.    Legal Standard

To be entitled to summary judgment, a movant must show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  FED. R. CIV. P. 56. The movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense.  *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show

summary judgment is inappropriate. *See Fields v. City of S. Hou.*, 922 F.2d 1183, 1187 (5th Cir. 1991). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). Nor is a mere "scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and it must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

4

"On cross-motions for summary judgment, [courts] review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

## II.    Analysis[1]

### a.    Most of Theodore's Claims Are Not Viable Causes of Action

Most of Theodore's claims fail because they are not causes of action that he may pursue. "No private right of action exists for mail fraud." *Smith v. Tower Loan of Miss.*, Inc., 216 F.R.D. 338, 357 (S.D. Miss. 2003) (citing *Bell v. Health–Mor, Inc.,* 549 F.2d 342 (5th Cir. 1977)), *aff'd sub nom. Smith v. Crystian*, 91 Fed. App'x 952 (5th Cir. 2004).  The statute Theodore relies on for his "insurance fraud" claim is a criminal statute that does not provide a civil cause of action.  *See* Tex. Penal Code § 35.02.  Similarly, forgery is a criminal offense but not a civil cause of action, *see Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013), and there is no private right of action for identity theft, *Campise v. Davila*, No. 10-23-00025-CV, 2023 WL 2916688, at *3 (Tex. App.—Waco Apr. 12, 2023, no pet.).  Fraud on the court also is not "a cognizable claim for damages under Texas law."  *See Ortega v. Young Again Products, Inc.*, 548 Fed. App'x 108, 113 (5th Cir. 2013).

Theodore has not identified any private right of action for unauthorized practice of medicine, and the Court has been unable to find one.  *See* TEX. OCC. CODE Ch. 165; *Aguirre v. Tristar Risk Mgmt.*, No. C-10-394, 2011 WL 248199, at *6 (S.D. Tex. Jan. 24, 2011) ("[T]he Court

---

[1] It is undisputed that the parties are of diverse citizenship.  *See* ECF No. 1 at 1.  And the prayer section of the Complaint seeks over $75,000 in damages.  ECF No. 1 at 5.  It thus appears that this Court has jurisdiction.  28 U.S.C. § 1332; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that "the sum claimed by the plaintiff" generally determines the amount in controversy "if the claim is apparently made in good faith").

has found no cases allowing for a private cause of action to be brought for the unauthorized practice of medicine under [Texas Occupations Code] Section 165.153.").

Finally, there is not a "private general cause of action for the unauthorized practice of law." *Yung-Kai Lu v. Ng*, No. 3:16-CV-2774-M (BH), 2017 WL 6403078, at *2 (N.D. Tex. Nov. 21, 2017), *report and recommendation adopted*, No. 3:16-CV-2774-M (BH), 2017 WL 6381740 (N.D. Tex. Dec. 14, 2017). An individual can sue for certain specific conduct related to unauthorized practice of law, *see id.*, but this case does not present any such conduct. *See* TEX. GOV'T CODE §§ 84.001, .003 (providing a private cause of action for someone harmed by their attorney making or negotiating an agreement for literary or media rights based on information relating to a criminal representation); 83.006 (providing a private cause of action related to certain illegal fees).

b. Theodore's Remaining Claims Lack Merit

That leaves Theodore's claims for breach of the duty of good faith and fair dealing, intentional infliction of emotional distress ("IIED"), and fraud.[2]

*1. Theodore's Breach-of-Duty and IIED Claims are Untimely*

The statute of limitations for breach of the duty of good faith and fair dealing and for IIED is two years. TEX. CIV. PRAC. & REM. CODE § 16.003; *Provident Life & Acc. Ins. Co. v. Knott*,

---

[2] Theodore also alludes to fraudulent inducement and constructive fraud. His fraudulent inducement claim fails because this case does not involve a contract. *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 228 (Tex. 2019) ("Fraudulent inducement is a 'species of common-law fraud' that 'arises only in the context of a contract.'"). His constructive fraud claim fails because he has provided no evidence of a "legal or equitable duty" that Kim has breached. *Strobach v. WesTex Cmty. Credit Union*, 621 S.W.3d 856, 880 (Tex. App.—El Paso 2021, pet. denied) (Proving constructive fraud "requires evidence that the defendant breached some legal or equitable duty in order to support a finding of liability, and in particular, that the defendant breached a duty imposed on it due to either a fiduciary or a confidential relationship."); *Young v. Fawcett*, 376 S.W.3d 209, 214 (Tex. App.—Beaumont 2012, no pet.) ("Subjective trust alone is not sufficient to establish a confidential relationship.").

128 S.W.3d 211, 221 (Tex. 2003) (breach of duty of good faith and fair dealing); *Georgen-Saad v. Tex. Mut. Ins. Co.*, 195 F. Supp. 2d 853, 859 (W.D. Tex. 2002) (IIED).

The most recent conduct Theodore relies upon occurred in 2021, when Kim allegedly sent Theodore an altered version of a motion originally filed by her attorney. *See* ECF Nos. 1, 25. The other conduct at issue occurred in 2019, 2015, and 2014. *See generally* ECF Nos. 1, 25. Theodore did not file this suit until May 2025, well over two years after this conduct. So Theodore's claims for breach of the duty of good faith and fair dealing and for IIED are untimely.

2. *Theodore's Fraud Claims are Largely Untimely and Otherwise Fail for Lack of Detrimental Reliance*

Theodore's fraud claims fail because they are largely untimely and, to the extent they are not, Theodore has not created a fact issue regarding whether he justifiably relied on any representation and thereby suffered injury.

The statute of limitations for common-law fraud claims in Texas is four years. *Weinstock v. Transamerica Inv. Grp., Inc.*, No. 4:21-CV-04053, 2024 WL 1394511, at *7 (S.D. Tex. Mar. 31, 2024). "Generally, in a case of fraud the statute of limitations does not [start] to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997).

To prevail on a fraud claim, Theodore must prove that:

(1) [Kim] made a material representation that was false; (2) [Kim] knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) [Kim] intended to induce [Theodore] to act upon the representation; and (4) [Theodore] actually and justifiably relied upon the representation and thereby suffered injury.

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Theodore's fraud claims are based on the following allegations: (1) in 2014 and 2015, Kim took steps to hide a vehicle accident and associated insurance check from Theodore; (2) in 2017, Kim misrepresented certain facts to and withheld information from a court; (3) in 2019, Kim used an altered divorce decree to transfer a car's title to Texas; and (4) in 2021, Kim mailed an altered motion to Theodore.  *See* ECF No. 25.

Theodore's fraud claims based on the first three sets of allegations are untimely.  He found out about the vehicle accident and associated insurance claim in 2017.  ECF No. 1 at 2.  To argue that Kim lied in the 2017 modification proceedings, Theodore relies on information he obtained in September 2019 at the latest.  *See* ECF No. 25-7 at 4.  He also learned about the car's title transfer in 2019.  ECF No. 25 at 8.  Because Theodore discovered the conduct he relies upon in 2017 and 2019, that is when limitations began to run.  *See Little*, 943 S.W.2d at 420.  The four-year limitations period thus expired in 2021 and 2023 respectively, meaning the claims were untimely when Theodore sued in 2025.

Theodore refers to "fraudulent concealment" in his motion.  *See* ECF No. 25 at 3. "[F]raudulent concealment is a fact-specific equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence."  *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015).  Even when this doctrine applies, "the limitations period is tolled only until 'a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to the discovery of the concealed cause of action.'"  *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 464 (Tex. 2023) (quoting *Valdez*, 465 S.W.3d at 230).  As already described, Theodore was aware of the facts underlying his claims by 2019, so fraudulent concealment does not vitiate Kim's limitations defense.

It is unclear whether limitations has run on Theodore's fraud claim insofar as it relies on Kim having mailed Theodore the altered motion in 2021. The unaltered motion was filed in January 2021, and Kim allegedly changed a hearing date in the altered motion to May 31, 2021. *See* ECF No. 13-1 at 51. That suggests that she likely sent the motion sometime between January 2021 and the end of May 2021. This suit was filed on May 23, 2025. ECF No. 1. It is possible that Kim sent the altered motion between May 23 and May 31, 2021, in which case limitations on this claim would not have run by the time Theodore filed this suit.

But even if that is the case, Theodore has provided no evidence that he relied on the altered motion in any way or that he was injured by such reliance. *See Ernst & Young*, 51 S.W.3d at 577 (listing elements of fraud, including justifiable reliance causing injury). Theodore's fraud claim therefore must also be dismissed.

## CONCLUSION

For the foregoing reasons, Kim Davis's Motion for Summary Judgment (ECF No. 23) is **GRANTED**, and Theodore Davis's Motion for Summary Judgment (ECF No. 25) is **DENIED.** This case is **DISMISSED WITH PREJUDICE.**

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 14th day of April, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE